UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

The State of New York, Alexander B.
Grannis, as Commissioner of the New York
State Department of Environmental
Conservation, and the New York State
Department of Environmental Conservation,

                    Plaintiffs,                08-CV-2503
                                               (CPS)(RLM)
United Boatmen of New York, Inc., New
York Fishing Tackle Trade Association,
Inc., and the Fishermen's Conservation
Association,

                    Intervenor-Plaintiffs

     - against -
                                               MEMORANDUM OPINION
Carlos Gutierrez, in his official capacity     AND ORDER
as Secretary of the United States
Department of Commerce, the United States
Department of Commerce, Conrad C. Lauten-
bacher, in his official capacity as Under
Secretary of Commerce and as Administrator
for the National Oceanic and Atmospheric
Administration, James W. Balsiger, in his
official capacity as Acting Assistant
Administrator for the National Marine
Fisheries Service, the National Marine
Fisheries Service, and the Atlantic States
Marine Fisheries Commission,

                    Defendants.

-----------------------------------------X

SIFTON, Senior Judge.

     Plaintiffs the State of New York, Alexander B. Grannis as

Commissioner of the New York State Department of Environmental

Conservation, and the New York State Department of Environmental

Conservation (together, "plaintiffs"), along with intervenor-

plaintiffs United Boatmen of New York, Inc. ("UBNY"), New York

Fishing Tackle Trade Association, Inc. ("NYFTTA"), and the
Fishermen's Conservation Association ("FCA") (together,
"intervenor-plaintiffs"), bring this action against defendants
Carlos Gutierrez, in his official capacity as Secretary of the
United States Department of Commerce, the United States
Department of Commerce, Conrad C. Lautenbacher, in his official
capacity as Under Secretary of Commerce and Administrator for the
National Oceanic and Atmospheric Administration, the National
Oceanic and Atmospheric Administration, James W. Balsiger, in his
official capacity as the Acting Assistant Administrator for the
National Marine Fisheries Service, and the Atlantic States Marine
Fisheries Commission (the "ASMFC" or "Commission").  Plaintiffs
claim that the final management rule for the 2008 recreational
summer flounder fishery issued by the Department of Commerce (the
"DOC"), through the National Marine Fisheries Service (the
"NMFS"), pursuant to the Magnuson-Stevens Fishery Conservation
and Management Act, as amended in 1996 by the Sustainable
Fisheries Act, 16 U.S.C. §§ 1801, *et seq.* (the "MSA"), violates
the MSA as well as standards of decision making under the
Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* (the
"APA").  In addition to these claims, intervenor-plaintiffs claim
that that the final management rule for the 2008 recreational
summer flounder fishery issued by the ASMFC violates the ASMFC
Compact & Rules and Regulations, Pub. L. 77-539 (1942), *as*

*amended by* Pub. L. 81-721 (1950) ("ASMFC Compact"), the Atlantic
Coastal Fisheries Cooperative Management Act, Pub. L. 103-206, 16
U.S.C. §§ 5101-5108 (the "ACFCMA" or "Fisheries Act"), the ASMFC
Interstate Fisheries Management Program Charter (hereinafter
"ISFMP Charter," *available at* http://www.asmfc.org (last visited
Apr. 7, 2009)), and the APA.

On March 9, 2009, I denied defendant ASMFC's motion to
dismiss the claims asserted against it in the Complaint in
Intervention. *New York v. Gutierrez*, No. 08-CV-2503, 2009 WL
605830 (E.D.N.Y. Mar. 9, 2009). Presently before this Court is
defendant ASMFC's motion for reconsideration of that decision, or
in the alternative, for certification of my order holding that
the ASMFC's decisions are subject to review under the
Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* (the
"APA"). For the reasons that follow, the motion for
reconsideration is denied, and the request for certification of
my order for interlocutory appeal is granted.

## BACKGROUND

Familiarity with the factual background of this matter is
presumed based on the record of proceedings before the
undersigned. For a description of the facts of this case, *see*
*New York v. Gutierrez*, No. 08-CV-2503, 2008 WL 5000493 (E.D.N.Y.
Nov. 20, 2008).

**DISCUSSION**

I.   <u>Motion for Reconsideration</u>

A.   *Standard for Reconsideration*

Civil motions for reconsideration in this District are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3.  *U.S. v. James*, No. 02 CV 0778, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007).  While timely motions for reconsideration are permitted under Local Civil Rule 6.3, "[t]he standard for granting such . . . motions is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d. Cir. 1995). Reconsideration is also appropriate if there is an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice.  *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); *Casino, LLC v. M/V Royal Empress*, No. 98-CV-2333, 1998 WL 566772, at *1 (E.D.N.Y. Aug. 21, 1998).

Local Civil Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered.  *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y. 1985).  In

deciding a Local Rule 6.3 motion, courts will not allow a party
to use the motion as a substitute for an appeal from a final
judgment. *See Morser v. A.T. & T. Info. Sys.*, 715 F.Supp. 516,
517 (S.D.N.Y. 1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548
(S.D.N.Y. 1986). Accordingly, a party in its motion for
reconsideration "may not advance new facts, issues or arguments
not previously presented to the court." *Litton Indus., Inc. v.
Lehman Bros. Kuhn Loeb, Inc.*, No. 86-CV-6447, 1989 WL 162315, at
*3 (S.D.N.Y. Aug. 4, 1989).

B.     *Merits of Motion for Reconsideration*

        In its moving papers, ASMFC does not attempt to identify
factual matters or controlling decisions I overlooked in my
memorandum opinion denying its motion to dismiss. Nor does it
submit new evidence, point to an intervening change in law, or
allege that I committed clear error or that my decision resulted
in manifest injustice. Instead, ASMFC simply reasserts arguments
previously made during briefing of the underlying motion,
including in particular: (1) that the absence of a statute
conferring a private right of action against the Commission
requires dismissal of all claims against the Commission, (2) that
the APA's definition of "agency" does not include the Commission,
and (3) that the doctrine of sovereign immunity shields the

Commission from civil claims.[1]  The second and third arguments
were addressed in my memorandum opinion and order denying ASMFC's
motion to dismiss, *see New York v. Gutierrez*, No. 08-CV-2503,
2009 WL 605830, at *3, 6-7 (E.D.N.Y. Mar. 9, 2009), and the first
argument was addressed both in the March 9, 2009 decision, *see
id.* at *3, and in my November 20, 2008 memorandum opinion and
order permitting intervenor-plaintiffs to intervene and join
ASMFC as a necessary party.  *New York v. Gutierrez*, No.
08-CV-2503, 2008 WL 5000493, at *9-13 (E.D.N.Y. Nov. 20, 2008).
The reassertion of arguments previously made and addressed by
this Court does not constitute a ground upon which
reconsideration may be granted.  Accordingly, ASMFC's motion for
reconsideration is denied.

II.  Request for Certification

In the alternative, ASMFC requests that I certify for
interlocutory appeal to the Court of Appeals my March 9, 2009
order holding that the Commission is subject to federal judicial
review under the APA.

A.  *Standard for Certification*

The courts of appeals have jurisdiction of appeals from all

---

[1] ASMFC also contends that permitting federal judicial review of ASMFC
decisions will result in "serious harm" to the Commission because it
necessarily impacts the process of negotiation and deliberation that
characterizes the Commission's work.  This assertion is not new to the record,
*see* ASMFC Mem. In Supp. Of Mot. To Dismiss at 15-16, and constitutes at best a
policy argument -- not a legal ground -- for shielding the Commission from
judicial review.  In any case, it does not entitle ASMFC to reconsideration of
my prior order.

"final decisions" of the district courts of the United States, except where a direct review may be had in the Supreme Court. 28 U.S.C. § 1291. In keeping with statutory law, appellate review of district court decisions is generally delayed until a final judgment has been entered. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). The "denial of a motion to dismiss is ordinarily considered non-final, and therefore not immediately appealable." *Hill v. City of New York*, 45 F.3d 653, 659 (2d Cir. 1995). An exception to this general rule, however, is set forth in 28 U.S.C. § 1292(b), which provides for discretionary appeals of non-final orders. In addition, the Supreme Court has employed a "practical interpretation" of 28 U.S.C. § 1291 to exempt a small class of rulings from that statute's "final decision" rule, under what is known as the collateral order doctrine. *See, e.g., Will v. Hallock,* 546 U.S. 345, 349-50 (describing collateral order doctrine).

ASFMC requests certification for interlocutory appeal of my March 9, 2009 order (1) pursuant to the exception provided in 28 U.S.C. § 1292(b), on the issue of whether the APA affords intervenor-plaintiffs a private right of action against ASMFC; and (2) under the collateral order doctrine, on the issue of whether the Commission is shielded from suit by Eleventh Amendment immunity. I address both grounds for certification in turn.

B.   *Certification Under 28 U.S.C. § 1292(b)*

   1.   *Standard*

Section 1292(b) allows discretionary appeals of non-final orders upon the consent of both the district court and the court of appeals.  A district court may certify an order for interlocutory appeal when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b). After the district court certifies an order for interlocutory appeal, the court of appeals has discretion whether or not to entertain the appeal.  *See id.* ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order"); *Koehler*, 101 F.3d at 866 ("Section 1292(b) vests review of an interlocutory order within our discretion and we may decline at any time to decide the issue presented").  If the court of appeals chooses to hear the certified appeal, it "may assume jurisdiction over the entire order, not merely over the question as framed by the district court."  *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 391-92 (2d Cir. 2008) (citing *United States v. Stanley*, 483 U.S. 669, 676-77 (1987)).

The Second Circuit has held repeatedly that "use of this

certification procedure should be strictly limited because only
exceptional circumstances [will] justify a departure from the
basic policy of postponing appellate review until after the entry
of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir.
1996) (alteration in original) (internal quotation marks
omitted); *see Koehler*, 101 F.3d at 865 ("Section 1292(b)'s
legislative history reveals that although the law was designed as
a means to make an interlocutory appeal available, it is a rare
exception to the final judgment rule that generally prohibits
piecemeal appeals"); *Nat'l Asbestos Workers Med. Fund v. Philip
Morris, Inc.*, 71 F.Supp.2d 139, 161 (E.D.N.Y. 1999) ("As the
court of appeals for the Second Circuit has repeatedly advised,
section 1292(b) was designed to be a rarely used exception to the
final judgment rule"); *see also Westwood Pharm., Inc. v. Nat'l
Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) ("[W]e
urge the district courts to exercise great care in making a
§ 1292(b) certification"). Even if the district court concludes
that the three factors in § 1292(b) are met, the district court
still has "unfettered discretion" to deny leave to appeal. *See
Nat'l Asbestos*, 71 F.Supp.2d at 162 ("The legislative history,
congressional design and case law indicate that district court
judges retain unfettered discretion to deny certification of an
order for interlocutory appeal even where the three legislative
criteria of section 1292(b) appear to be met").

2. *Merits*

(i) *Controlling Question of Law*

The first factor to consider in determining whether to certify my order pursuant to § 1292(b) is whether a "controlling question of law" exists. In determining whether a controlling question of law exists, "the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F. Supp.2d 567, 570 (S.D.N.Y. 2001) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24-25 (2d Cir. 1990)).

My March 9, 2009 order permitted intervenor-plaintiffs to proceed with its claims against defendant ASMFC on the grounds that a right of action against the Commission exists under the APA. Because a determination by the Court of Appeals that such a right does not exist would result in dismissal of all claims against ASMFC and would significantly affect the conduct of the action, whether such a right of action exists qualifies as a "controlling question of law." As noted below, the case would, in any event, continue against the federal defendants. Nevertheless, for reasons previously noted, *see Gutierrez*, 2009

WL 605830, at *7, the scope of relief would be substantially
narrowed if the case proceeds against the federal defendants
only.  Further, the quasi-federal agency theory upon which I
based my reasoning is likely to have precedential value for other
entities that might qualify as quasi-federal agencies.  For these
reasons, I conclude that my March 9, 2009 order involved a
controlling question of law.

(ii) *Substantial Ground for Difference of Opinion*

The second factor to consider is whether a "substantial
ground for difference of opinion" exists as to the identified
controlling question of law.  To determine whether "the issue for
appeal is truly one on which there is a substantial ground for
dispute," a district court must "analyze the strength of the
arguments in opposition to the challenged ruling."  *In re Flor v.
BOT Financial Corp.*, 79 F.3d 281, 284 (2d Cir. 1996).  With
respect to this factor, defendant ASMFC argues as follows:

> [G]iven that no statute explicitly authorizes suit against
> the Commission; that the APA explicitly defines covered
> "agencies" as authorities of the United States government;
> and that the rules of construction governing private rights
> of action and federalism both demand a clear statement from
> Congress, we submit that there is at least a "substantial
> ground for difference of opinion" concerning whether
> Plaintiffs-Intervenors have a right to proceed against the
> Commission.

Def. ASMFC Mem. In Supp. Of Mot. For Recons. at 12.  Intervenor-
plaintiffs have not opposed this argument in their submission in
opposition to this motion.

My March 9, 2009 order involved an issue of first impression in this circuit, in a case involving strong legal arguments and equitable considerations in favor of both sides' positions. While I determined that ASMFC could not escape review under the APA because the substantial level of Congressional participation in the Commission effectively transformed it into a quasi-federal agency, I recognize that in light of defendant ASMFC's counter-arguments above, reasonable minds could differ as to the merits of this conclusion. Accordingly, I agree that a substantial ground for a difference of opinion exists here.

       (iii)      *Material Advance in the Ultimate Termination of the Litigation*

The third factor I must consider is whether certifying my March 9, 2009 order would materially advance the ultimate termination of the litigation. Defendant ASMFC points out that if the Court of Appeals were to reverse my order, the claims against it would necessarily be dismissed. Therefore, it argues, the ultimate termination of litigation would be materially advanced by certification because an entire category of claims would no longer require trial. Intervenor-plaintiffs argue that because the claims against the federal defendants would necessarily continue even if the claims against ASMFC are dismissed, certification would not materially advance the termination of this litigation.

In *Bilello v. JPMorgan Chase Retirement Plan*, faced with somewhat similar circumstances, Judge Cote held as follows:

> Bilello argues that a reversal on the question of his statutory standing would nonetheless not "materially advance the ultimate termination of the litigation" because, among other reasons, some of the counts in the complaint would survive, as they do not arise under ERISA Section 502(a). Plaintiff's argument reads the phrase "materially advance" out of the statute, arguing that only an issue that entirely disposes of a lawsuit merits interlocutory review.
>
> Finding that Bilello lacked standing would "avoid protracted litigation." *Koehler*, 101 F.3d at 866. It would terminate nearly all of Bilello's claims, any possibility of class certification, and diminish any possible recovery to a small fraction of what it is should his nine class-wide claims survive a motion to dismiss. It would therefore materially advance the ultimate termination of the litigation.

*Bilello v. JPMorgan Chase Ret. Plan*, No. 07 Civ. 7379, 2009 WL 585974, at *2 (S.D.N.Y. Mar. 9, 2009). Here, certification and reversal of the order allowing intervenor-plaintiffs to proceed against ASMFC would result in dismissal of all claims against ASMFC, eliminating the only non-federal defendant and all state law issues from the case. It would also substantially narrow the scope of potential relief available to plaintiffs. Accordingly, I conclude that certification would materially advance the ultimate termination of this litigation.

Given that the three requirements for certification under 28 U.S.C. § 1292(b) are satisfied here, I may exercise my discretion to certify the March 9, 2009 order for interlocutory appeal on the issue of whether the APA affords intervenor-plaintiffs a private right of action against ASMFC.

C.  *Certification Under the Collateral Order Doctrine*

    1.  *Standard*

Under the collateral order doctrine, a non-final judgment is immediately appealable if it:

> fall[s] in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

To appeal an order before final judgment pursuant to the collateral order doctrine, three "stringent" conditions must be satisfied: the order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006).

The Supreme Court has recognized that interlocutory orders denying claims of absolute immunity fall into the "small class" of cases contemplated in *Cohen*. *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982) ("A[t] least twice before this Court has held that orders denying claims of absolute immunity are appealable under the *Cohen* criteria") (citations omitted).  This is so because "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)

(citations omitted). *See generally* Wright et al., Federal
Practice & Procedure, § 3911 (2d ed. 1992).

As the Second Circuit has noted, "Eleventh Amendment
immunity is a form of absolute immunity." *Morris-Hayes v. Bd. of
Educ. of Chester Union Free School Dist.*, 423 F.3d 153, 162 (2d
Cir. 2005). Accordingly, in *Puerto Rico Aqueduct & Sewer
Authority v. Metcalf & Eddy, Inc.*, where the Supreme Court was
confronted with the question of whether "a district court order
denying a claim by a State or a state entity to Eleventh
Amendment immunity from suit in federal court may be appealed
under the collateral order doctrine of [*Cohen*]," the Court
answered the question in the affirmative. *Id.* (citing *Puerto
Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S.
139, 142-43 (1993)). The Second Circuit has applied the *Metcalf
& Eddy* rule in several cases. *See, e.g.*, *Farricielli v.
Holbrook*, 215 F.3d 241, 244 (2d Cir. 2000) (citing *Metcalf & Eddy*
and stating "[a]lthough this case is still pending in the
district court, we have jurisdiction to hear this appeal because
an order denying immunity under the Eleventh Amendment is
immediately appealable"); *see also In re Charter Oak Assocs.*, 361
F.3d 760, 764 (2d Cir. 2004) (citing *Metcalf & Eddy* for the
general proposition that denial of sovereign immunity is
immediately appealable under the collateral order doctrine).

2. *Merits*

Defendant ASMFC claims that it is entitled to immediate appeal as of right under the collateral order doctrine because my March 9, 2009 order denied its claim of sovereign immunity. There is no dispute that a denial of a claim of sovereign immunity resolves "an important issue completely separate from the merits of the action," which is "effectively unreviewable on appeal from final judgment," *Hallock*, 546 U.S. at 349, because it denies the possessor's "entitlement not to have to answer for his conduct in a civil damages action." *Mitchell*, 472 U.S. at 525; *see also Puerto Rico*, 506 U.S. at 142-43. However, intervenor-plaintiffs argue that my order did not "conclusively determine" that ASMFC is not entitled to the defense of sovereign immunity, and therefore, that ASMFC may not seek certification of my order pursuant to the collateral order doctrine.

Given that prior to the briefing of this motion for reconsideration and/or certification, defendant ASMFC raised the issue of sovereign immunity in a fairly cursory manner in only one paragraph of its memorandum in support of its motion to dismiss, *see* Def. ASMFC Mem. In Supp. Of Mot. To Dismiss at 25, intervenor-plaintiffs' argument is somewhat understandable. However, the fact remains that I considered ASMFC's claim to sovereign immunity under the Eleventh Amendment in my memorandum opinion and order of March 9, 2009, *see Gutierrez*, 2009 WL 605830

at *6, and I ultimately denied ASMFC's motion to dismiss.  By permitting intervenor-plaintiffs' claims against ASMFC to proceed, I "conclusively determined" that ASMFC is not entitled to the defense of sovereign immunity.

Accordingly, having determined that the prerequisites for certification under the collateral order doctrine are present here, the question of whether defendant ASMFC is entitled to the defense of sovereign immunity should be and hereby is certified for interlocutory appeal.

**CONCLUSION**

For the reasons set forth above, defendant ASMFC's motion for reconsideration is denied, and its request for certification is granted.  The Clerk is hereby directed to transmit a copy of the within to the parties and the Magistrate Judge.


SO ORDERED.

Dated:     Brooklyn, NY
           April 7, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge