UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

The State of New York, Alexander B.
Grannis, as Commissioner of the New York
State Department of Environmental
Conservation, and the New York State
Department of Environmental Conservation,

                    Plaintiffs,                08-CV-2503
                                               (CPS)(RLM)
United Boatmen of New York, Inc., New
York Fishing Tackle Trade Association,
Inc., and the Fishermen's Conservation
Association,

                    Intervenor-Plaintiffs

    - against -
                                               MEMORANDUM OPINION
Gary Locke, in his official capacity as        AND ORDER
Secretary of the United States Department
of Commerce, the United States Department
of Commerce, Jane Lubchenco, in her
official capacity as Under Secretary of
Commerce and as Administrator for the
National Oceanic and Atmospheric
Administration, James W. Balsiger, in his
official capacity as Acting Assistant
Administrator for the National Marine
Fisheries Service, and the National Marine
Fisheries Service,

                    Defendants.

-----------------------------------------X

SIFTON, Senior Judge.

        Plaintiffs the State of New York, Alexander B. Grannis as

Commissioner of the New York State Department of Environmental

Conservation, and the New York State Department of Environmental

Conservation (together, "plaintiffs"), along with intervenor-

plaintiffs United Boatmen of New York, Inc. ("UBNY"), New York

Fishing Tackle Trade Association, Inc. ("NYFTTA"), and the

Fishermen's Conservation Association ("FCA") (together,

"intervenor-plaintiffs"), bring this action against defendants

Gary Locke, in his official capacity as Secretary of the United

States Department of Commerce, the United States Department of

Commerce, Jane Lubchenco, in her official capacity as Under

Secretary of Commerce and Administrator for the National Oceanic

and Atmospheric Administration, the National Oceanic and

Atmospheric Administration ("NOAA"), James W. Balsiger, in his

official capacity as the Acting Assistant Administrator for the

National Marine Fisheries Service ("NMFS") (together, the

"federal defendants"),[1] and the Atlantic States Marine Fisheries

Commission (the "ASMFC" or "Commission").  Plaintiffs claim that

the final management rule for the 2008 recreational summer

flounder fishery issued by the Department of Commerce (the

"DOC"), through the NMFS, pursuant to the Magnuson-Stevens

Fishery Conservation and Management Act, as amended in 1996 by

the Sustainable Fisheries Act, 16 U.S.C. §§ 1801, *et seq.* (the

"MSA"), violates the MSA as well as standards of decision making

under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*

---

[1] Plaintiffs originally named Carlos Gutierrez and Conrad
C. Lautenbacher, in their former official capacities as Secretary of Commerce
and Under Secretary of Commerce and Administrator for the National Oceanic and
Atmospheric Administration, respectively, as defendants.  Since the
commencement of this action, however, Gary Locke replaced Mr. Gutierrez as
Secretary of Commerce, and Jane Lubchenco replaced Mr. Lautenbacher as Under
Secretary of Commerce and Administrator for the National Oceanic and
Atmospheric Administration.

(the "APA"). In addition to these claims, intervenor-plaintiffs claim that that the final management rule for the 2008 recreational summer flounder fishery issued by the ASMFC violates the ASMFC Compact & Rules and Regulations, Pub. L. 77-539 (1942), *as amended by* Pub. L. 81-721 (1950) ("ASMFC Compact"), the Atlantic Coastal Fisheries Cooperative Management Act, Pub. L. 103-206, 16 U.S.C. §§ 5101-5108 (the "ACFCMA"), the ASMFC Interstate Fisheries Management Program Charter (hereinafter "ISFMP Charter," *available at* http://www.asmfc.org (last visited Apr. 7, 2009)), and the APA.

Presently before this Court is intervenor-plaintiffs' motion for reconsideration of my June 30, 2009 order staying these proceedings with regard to defendant ASMFC pending resolution of ASMFC's interlocutory appeal. For the reasons set forth below, intervenor-plaintiff's motion for reconsideration is granted, and upon reconsideration, defendant ASMFC's motion for a stay is denied because I lack jurisdiction over further proceedings against defendant ASMFC pending decision on its appeal.

**BACKGROUND**

Familiarity with the factual background of this matter is presumed based on the record of proceedings before the undersigned. For a description of the facts of this case, *see State of N.Y. v. Locke*, No. 08-CV-2503, 2009 WL 1194085 (E.D.N.Y. Apr. 30, 2009). What follows is a relevant procedural history.

On April 7, 2009, pursuant to 28 U.S.C. § 1292(b), I granted
defendant ASMFC's request for certification of an immediate
appeal of my ruling that intervenor-plaintiffs have a private
right of action against ASMFC.  In my memorandum opinion and
order, I further noted that defendant ASMFC was entitled to seek
immediate appeal of my decision that it is not entitled to
sovereign immunity.  Accordingly, on April 16, 2009, defendant
ASMFC petitioned the Court of Appeals for the Second Circuit for
permission to appeal under § 1292(b).  On June 9, 2009, the Court
of Appeals granted ASMFC's petition for permission to appeal.

On June 11, 2009, defendant ASMFC filed its notice of
interlocutory appeal pursuant to § 1292(b) and the collateral
order doctrine.  On the same day, it filed a motion to stay the
proceedings against it pending resolution of the interlocutory
appeal.  On June 12, 2009, plaintiff the State of New York moved
for summary judgment against the federal defendants, and
intervenor-plaintiffs United Boatmen *et al.* moved for summary
judgment against all defendants, including ASMFC.

On June 30, 2009, I granted defendant ASMFC's motion to stay
the proceedings against it in a decision read from the bench.
Intervenor-plaintiff's timely motion for reconsideration of that
decision followed on July 14, 2009.

**DISCUSSION**

## I.  Standard for Reconsideration

Civil motions for reconsideration in this District are
governed by Federal Rule of Civil Procedure 59(e) and Local Civil
Rule 6.3.  *U.S. v. James*, No. 02 CV 0778, 2007 WL 914242, at *3
(E.D.N.Y. Mar. 21, 2007).  While timely motions for
reconsideration are permitted under Local Civil Rule 6.3, "[t]he
standard for granting such . . . motions is strict, and
reconsideration will generally be denied unless the moving party
can point to controlling decisions or data that the court
overlooked -- matters, in other words, that might reasonably be
expected to alter the conclusions reached by the court."  *Shrader
v. CSX Transp.*, 70 F.3d 255, 257 (2d. Cir. 1995).
Reconsideration is also appropriate if there is an intervening
change of controlling law, new evidence, or the need to correct a
clear error or prevent manifest injustice.  *Doe v. N.Y. City
Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); *Casino,
LLC v. M/V Royal Empress*, No. 98-CV-2333, 1998 WL 566772, at *1
(E.D.N.Y. Aug. 21, 1998).

Local Civil Rule 6.3 is to be narrowly construed and
strictly applied so as to avoid repetitive arguments on issues
that have been fully considered.  *See Caleb & Co. v. E.I. Du Pont
De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y. 1985).  In
deciding a Local Rule 6.3 motion, courts will not allow a party

to use the motion as a substitute for an appeal from a final judgment. *See Morser v. A.T. & T. Info. Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y. 1986). Accordingly, a party in its motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86-CV-6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989).

## II.   Merits of Motion for Reconsideration

### A.   *Whether Reconsideration Should Be Granted*

Intervenor-plaintiffs argue that reconsideration should be granted because I overlooked controlling decisions and factual matters. Specifically, they argue that reconsideration is warranted because in rendering my decision, I did not provide any analysis of the four factors they allege I was required to consider under *Hilton v. Braunskill*, 481 U.S. 770 (1987), when evaluating ASMFC's motion for a stay pending appeal. As further set forth below, I conclude that an analysis of the *Hilton* factors is not necessary in this case. Nevertheless, I find that reconsideration is warranted on the ground that I overlooked the Second Circuit's decision in *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007), as well as other related decisions. Accordingly, I proceed to reconsider ASMFC's motion to stay the proceedings against it pending appeal.

**B.** *Reconsideration of ASMFC's Motion to Stay*

In general, the filing of an interlocutory appeal does not divest the district court of jurisdiction over issues not addressed by the appeal. *City of N.Y. v. Beretta U.S.A. Corp.,* 234 F.R.D. 46, 50 (E.D.N.Y.) (noting that interlocutory appeals, whether pursued via certification under § 1292 or via the collateral order doctrine, "do not generally divest the district court of jurisdiction over issues not under consideration in the appeal").  However, when an interlocutory appeal based upon the denial of an immunity defense is noticed pursuant to the collateral order doctrine, the notice of appeal may, in fact, divest the district court of jurisdiction over the appealing defendant.  Courts having considered this question have uniformly applied the "dual jurisdiction rule" developed in the Fifth Circuit, under which "the filing of an appeal under the collateral order doctrine respecting a right not to be tried divests the district court of jurisdiction to proceed with the trial [against the appealing defendant] unless the district court certifies that the appeal is frivolous[.]"  *Beretta*, 234 F.R.D. at 51 (citing, *inter alia*, *U.S. v. Dunbar*, 611 F.2d 985, 987-89 (5th Cir. 1980) and collecting cases).  While the Second Circuit has not explicitly adopted the dual jurisdiction rule, it held in the *World Trade Center* litigation that the pursuit of an interlocutory appeal based upon a sovereign immunity defense

deprived the district court of jurisdiction over the appealing
defendant pending the appeal. *In re World Trade Ctr.*, 503 F.3d
at 169, 171 ("Appellants' notice of appeal . . . on grounds of
immunity from suit divested the District Court of jurisdiction to
proceed with the litigation.") (citations omitted).

Here, for reasons stated in my prior opinions, defendant
ASMFC has a colorable claim to a sovereign immunity defense as an
agency created by interstate compact, and I decline to certify
its appeal as frivolous.[2] *See N.Y. v. Gutierrez*, No. 08-CV-2503,
2009 WL 605830, at *6 (E.D.N.Y. Mar. 9, 2009) ("interstate
compact agencies are, in some cases, entitled to Eleventh
Amendment immunity from suit"). Accordingly, pursuant to the
dual jurisdiction rule and the Second Circuit's decision in the
*World Trade Center* litigation, I conclude that I am without
jurisdiction over further proceedings against defendant ASMFC
pending resolution of ASMFC's interlocutory appeal. Because the
issuance of a stay of the proceedings against ASMFC pending

---

[2] At times in their papers, intervenor-plaintiffs appear to argue that
defendant ASMFC only noticed its appeal of the private right of action issue
certified pursuant to 28 U.S.C. § 1292(b), and not the sovereign immunity
issue pursuant to the collateral order doctrine. However, ASMFC's submissions
to the Second Circuit Court of Appeals make clear that its interlocutory
appeal was filed both pursuant to the collateral order doctrine on the
sovereign immunity issue, as well as pursuant to 28 U.S.C. § 1292(b) on the
right of action issue. *See* ASMFC Civil Appeal Pre-Argument Statement ("Form
C"), 2d Cir. No. 09-1594, Part A: Jurisdiction (asserting that appellate
jurisdiction exists both by virtue of a certified order as well as a decision
"Appealable As of Right"); *Id.* Addendum B (including as one of two questions
to be raised on appeal "[w]hether, in the absence of any specific
congressional authorization or any consent by the member states, the Eleventh
Amendment precludes a private party from maintaining an action against the
Atlantic States Marine Fisheries Commission").

appeal would be superfluous, there is no need to consider the *Hilton* factors, and accordingly, on reconsideration, defendant ASMFC's motion to stay is denied for lack of jurisdiction.

### CONCLUSION

For the reasons set forth above, intervenor-plaintiffs' motion for reconsideration is granted, and upon reconsideration, defendant ASMFC's motion to stay the proceedings against it is denied for lack of jurisdiction.  The Clerk is directed to transmit a copy of the within to the parties and the assigned Magistrate Judge.


SO ORDERED.

Dated:     Brooklyn, NY
           August 3, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge